UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | Case No. 2:17-CV-1319 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant San Marino Property Owners Association's (the "HOA") motion to dismiss. (ECF No. 14). Plaintiffs U.S. Bank, National Association, as trustee for GSAA 2006-1 ("US Bank") and SunTrust Mortgage, Inc. ("STM" and collectively, with US Bank, as "plaintiffs") have failed to file a timely response.[1] Defendant/counterclaimant SFR Investments Pool 1, LLC ("SFR") filed a limited response (ECF No. 20), to which the HOA replied (ECF No. 23).

I.  **Facts**

This case involves a dispute over real property located at 10324 Neopolitan Place, Las Vegas, Nevada 89144 (the "property"). On October 13, 2005, Richard Nicholas Bell obtained a loan in the amount of $256,000.00 to purchase the property, which was secured by a deed of trust recorded on October 21, 2005. (ECF No. 1).

---

[1] "[T]he deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion." LR 7-2(b). The HOA filed its motion to dismiss (ECF No. 14 on June 14, 2017, rendering responses due by June 28, 2017. Plaintiffs untimely filed their response (ECF No. 24) on July 6, 2017, without seeking leave of court or an extension of time. Accordingly, plaintiffs' response (ECF No. 24) will be stricken. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

**James C. Mahan**
**U.S. District Judge**

After Bell defaulted on the loan and failed to pay HOA assessments, Alessi & Koenig, LLC ("A&K"), on behalf of the HOA, recorded a notice of delinquent assessment lien, a notice of default and election to sell, and a notice of sale. (ECF No. 1). Plaintiffs allege that these notices did not comply with the applicable statutory requirements. (ECF No. 1). Plaintiffs assert, *inter alia*, that the notice of sale failed to set forth a foreclosure date and that none of the notices stated the superpriority amount owed. (ECF No. 1).

On September 5, 2012, the HOA purchased the property at the foreclosure sale for $6,796.04. (ECF No. 1). A trustee's deed upon sale in favor of the HOA was recorded on February 14, 2013. (ECF No. 1).

On March 12, 2013, the HOA conveyed its interest in the property to SFR via a quitclaim deed recorded on March 12, 2013. (ECF No. 1). After the foreclosure sale extinguished the deed of trust, STM assigned the deed of trust to US Bank via an assignment of deed of trust recorded June 10, 2013. (ECF No. 1).

On May 10, 2017, plaintiffs filed the underlying complaint against the HOA and SFR, alleging six causes of action: (1) quiet title; (2) declaratory relief; (3) conversion against the HOA; (4) wrongful foreclosure; (5) violation of NRS 116.1113 against the HOA; and (6) unjust enrichment. (ECF No. 1).

On June 16, 2017, SFR filed a counterclaim against plaintiffs and Bell for quiet title/declaratory relief and injunctive relief. (ECF No. 16).

In the instant motion, the HOA moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

James C. Mahan
U.S. District Judge

- 2 -

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

As an initial matter, plaintiffs have consented to the granting of the HOA's motion to dismiss. Pursuant to Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR

7-2(d). Thus, by failing to file a timely response, plaintiffs have consented to the granting of the HOA's motion to dismiss. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law); Fed. R. Civ. P. 83; LR 7-2(d). Notwithstanding, the court will address the merits of the HOA's motion to dismiss.

### A.  Statute of Limitations

In the instant motion, the HOA argues that plaintiffs' claims are time-barred by the statute of limitation. (ECF No. 14). In particular, the HOA asserts that plaintiffs' claims are subject to a three (3)-year statute of limitations period, which began to accrue on the date of the foreclosure sale (September 5, 2012). (ECF No. 14 at 5). The HOA thus maintains that plaintiffs' claims against the HOA should have been filed at the latest by September 5, 2015. (ECF No. 14 at 5). The court disagrees.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("If the allegations contained in the amended complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate.").

In the present case, the allegations set forth in the complaint are sufficient to create a question of fact regarding whether plaintiffs' claims began to accrue on the date of the foreclosure sale (September 5, 2012). However, plaintiffs knew or should have known of the facts constituting the elements of their causes of action on or before February 14, 2013, the date the trustee's deed in favor of the HOA was recorded.

Further, a three-year statute of limitations period applies to some,[2] but not all, of plaintiffs' claims. A four-year statute of limitations period applies to plaintiffs' unjust enrichment claim. *See*

---

[2] The statute of limitations is three years for conversion claims. *See* Nev. Rev. Stat. § 11.190(3)(c). Plaintiffs' claims for wrongful foreclosure and violation of NRS 116.1113 are subject to a three-year statute of limitations period as they are claims for damages based on a breach of a statutory duty. *See* Nev. Rev. Stat. § 11.190(3)(a).

**James C. Mahan**
**U.S. District Judge**

- 4 -

*In re Amerco*, 252 P.3d at 703 (citing Nev. Rev. Stat. § 11.190(2)(c)). A five-year statute of limitations period applies to plaintiffs' quiet title claim. *See* Nev. Rev. Stat. § 11.070.

As plaintiffs filed the instant action on May 10, 2017 (ECF No. 1), plaintiffs' claims for conversion, wrongful foreclosure, and violation of NRS 116.1113 are time-barred by the statute of limitations as they were not filed within three years of February 14, 2013. Similarly, plaintiffs' unjust enrichment claim is time-barred as it was not filed within four years of February 14, 2013. However, plaintiffs' quiet title claim was timely filed within the five-year applicable statute of limitations.

As plaintiffs' claims for conversion, wrongful foreclosure, violation of NRS 116.1113, and unjust enrichment are time-barred by the statute of limitations, the court need only address the remainder of the HOA's arguments as they relate to plaintiffs' quiet title/declaratory relief claims.

### B.   Quiet Title/Declaratory Relief

The HOA contends that dismissal is proper based on plaintiffs' failure to mediate pursuant to NRS 38.310. (ECF No. 14 at 8).

The court disagrees to the extent that the HOA's contention relates to plaintiffs' quiet title/declaratory relief claims. Subsection (1) of NRS 38.310 provides, in relevant part, as follows:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). A "civil action" includes any actions for monetary damages or equitable relief. *See* Nev. Rev. Stat. § 38.300(3).

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id*. at 557. The court held that, while

**James C. Mahan**
**U.S. District Judge**

- 5 -

the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Accordingly, plaintiffs' quiet title/declaratory relief claims are exempt from the mediation requirement of NRS 38.310.

Based on the foregoing, the court will deny the HOA's motion to dismiss as it relates to plaintiffs' quiet title/declaratory relief claims, but will grant the motion as it relates to plaintiffs' claims for conversion, wrongful foreclosure, violation of NRS 116.1113, and unjust enrichment as these claims are time-barred by the statute of limitations. Further, because such deficiency cannot be cured by amendment, these claims will be dismissed with prejudice.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that claims (3) through (6) of plaintiffs' complaint (ECF No. 1) be, and the same hereby are, DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that plaintiffs' response (ECF No. 24) be, and the same hereby is, STRICKEN.

DATED July 13, 2017.

                                                                    UNITED STATES DISTRICT JUDGE